# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Niese

v.

Harsley
and the City of Alexandria

May 23, 2001

Case No. (Law) CL000607

BY JUDGE ALFRED D. SWERSKY

The City's Plea of Sovereign Immunity must be granted.

Plaintiff argues that the employees of the "Department of Mental Health" failed to perform a ministerial duty, i.e. the reporting of the alleged abuse, neglect, or exploitation of Plaintiff pursuant to Code of Virginia § 63.1-553. Even assuming, without deciding, that this function was ministerial and, hence, an exception to the doctrine of sovereign immunity, the plea on behalf of the municipality must be sustained.

Plaintiff argues that the "ministerial function" exception to this doctrine applies to the City as well as to its employees. Plaintiff's reliance on cases such as *First Virginia Bank- Colonial v. Baker*, 225 Va. 72 (1983), and *Marshall v. City of Richmond*, 12 Va. Cir. 141 (Richmond City 1988), is misplaced. In each of those cases the principals, the Clerk of Court and the Sheriff, would have been liable for the actions of their employees.

Also relied upon by Plaintiff is *Bursen v. City of Bristol*, 176 Va. 53, 10 S.E.2d 541 (1940). Likewise, that reliance is misplaced. In *Bursen*, the Court held that the function being performed by the City, keeping and maintaining its streets, was a ministerial function and the City could not claim sovereign immunity.

Here, the City was performing a governmental function in providing mental health counseling and treatment and would be immune from suit even if its employees were not so immune.

Assuming, as the Court has here, that the employees failed in the performance of a ministerial duty, the only way that the City itself could be liable is by the application of the doctrine of respondeat superior. To impose liability upon the municipality or state for the negligent acts of its employees in the performance of ministerial duties while engaged in governmental functions emasculates the sovereign immunity doctrine. See, *Ashbury v. City of Norfolk*, 152 Va. 278, 147 S.E. 223 (1929); *James v. Jane*, 221 Va. 43, 282 S.E.2d 864 (1980), wherein the Court distinguishes between the sovereign and its employees in imposing liability under these circumstances.

For these reasons, the special plea of Defendant City of Alexandria will be sustained.